UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES C. MESELSOHN, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>     -against-<br><br>JEFFREY G. LERMAN and<br>JEFFREY G. LERMAN, P.C.,<br><br>         Defendants. | Case No.<br><br>06-CV-4115(ADS)(AKT)<br><br>Class Action |

Memorandum in Opposition to Defendants' Motion to Dismiss Complaint

<u>Attorneys for Plaintiff</u><br>
Brian L. Bromberg<br>
Bromberg Law Office, P.C.<br>
40 Exchange Place, Suite 2010<br>
New York, NY 10005<br>
(212) 248-7906<br>
<br>
Lance A. Raphael<br>
Stacy M. Bardo<br>
180 West Washington, Suite 700<br>
Chicago, IL 60602<br>
(312) 782-5808

# Table of Contents

Introduction and Facts 1

Defendants' Letter 2

Legal Discussion 3

 I. Defendants' debt collection letter overshadows and confounds the statutorily-mandated thirty-day validation notice by demanding that payment be received within that thirty-day period 3

 II. Defendants' use of the term "Subject to the above" is vague and ambiguous, and does not apprise Plaintiff that even though payment is demanded within the thirty-day validation period, he still has the right to dispute the debt instead of immediately paying, thereby stopping all collection efforts until Defendants have validated the alleged debt 8

Conclusion 9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES C. MESELSOHN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>JEFFREY G. LERMAN and<br>JEFFREY G. LERMAN, P.C.,<br><br>Defendants. | Case No.<br><br>06-CV-4115(ADS)(AKT)<br><br>Class Action |

**Memorandum in Opposition to Defendant's Motion to Dismiss Complaint**

**Introduction and Facts**

The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, is a remedial statute that sets forth what information must be clearly and unambiguously provided to consumers when attempting to collect debts. Here, Defendants have violated the FDCPA by demanding payment within the statutorily-mandated thirty-day validation period provided for in Section 1692g of the FDCPA, without providing any transitional language to explain that the payment demand does not override a consumer's debt-dispute-and-validation rights.

Since 1988, the leading case on this issue has been *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988). A plethora of cases have followed this decision, all of which hold that the 30-day notice under § 1692g "must be conveyed effectively to the debtor. It must be large enough to be easily read and

1

sufficiently prominent to be noticed – even by the least sophisticated debtor…not be overshadowed or contradicted by any other messages or notices appearing in the initial communication from the collection agency." *Id. See also*, *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991); *Miller v. Payco General American Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991). Despite the fact that courts across the country and in New York have followed this bright-line rule, Defendants are urging this court to find, as a matter of law, that their letter is in full compliance with this mandate.

### Defendants' Letter

Defendants' letter reads, in relevant part, as follows:

> You have thirty (30) days after receiving this notice to dispute the validity of the debt or any portion thereof. Without said notification, we will assume the debt is valid. If you dispute the debt, or any portion thereof, in writing within the thirty (30) day period, this office will obtain verification of the debt and mail you a copy of same. Upon your written request within the thirty (30) day period, we will provide the name and address of the original creditor if different from the current creditor.
>
> Subject to the above, your payment, made payable to our client, is due at this office thirty (30) days from your receipt of this letter. If you are unable to pay the balance in full, you may contact this office and discuss a payment plan.

(For the Court's convenience, a copy of Defendants' letter to Plaintiff is attached as Exhibit A to this Memorandum. Copies are also attached to the Complaint and to Defendants' moving papers, which have been filed using the ECF system.)

In their letter, Defendants warn that "payment, made payable to our client, is due at this office thirty (30) days from your receipt of this letter." Defendants want this Court to find, as a matter of law, that Defendants' letter clearly apprised consumers of the right to dispute the debt for up to thirty days, and that Plaintiff's right to dispute was not confounded or overshadowed by Defendants' demand for *receipt* of payment within that same thirty-day validation period.

## Legal Discussion

**I. Defendants' debt collection letter overshadows and confounds the statutorily-mandated thirty-day validation notice by demanding that payment be received within that thirty-day period**

Section 1692g(a) of the FDCPA requires that an independent debt collector soliciting payment provide the consumer with a detailed validation notice within five days of the initial communication. *See* 15 U.S.C. § 1692g(a). "It is not enough for a debt collection agency simply to include the proper debt validation in a mailing to a consumer." *Russell*, 74 F.3d at 35. If "a notice contains language that 'overshadows or contradicts' other language informing a consumer of her rights, it violates the Act." *Id.* at 34 (*quoting Graziano*, 950 F.2d at 111). In making this determination, courts apply "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *Id.* (*citing Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). Thus, "[a] debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." *Savino*, 164 F.3d at 85 (*citing Russell*, 74 F.3d at 35); *see also DeSantis v. Computer Credit, Inc.*, 269

3

F.3d 159, 161 (2d Cir. 2001) ("Even if a debt collector conveys the required information, the collector nonetheless violates the [FDCPA] if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty."). The plaintiff need not prove that the contradiction is threatening. *Russell*, 74 F.3d at 35.

In *Savino v. Computer Credit, Inc.*, 164 F.3d 81, the leading case in the Second Circuit, the debt collector mailed the consumer an initial debt collection notice stating that the consumer must make "immediate payment" or provide "a valid reason" for failure to do so. *Id*. at 84. Below the body of the letter, the consumer was further advised, "PLEASE SEE IMPORTANT NOTICE ON BACK," which referred to the validation notice printed on the back of the letter. *Id.* The Second Circuit found that the debt collector's request for immediate payment did not, standing alone, violate the FDCPA. Rather, the court concluded that the debt collector's "violation of the Act consisted of its decision to ask for immediate payment without also explaining that its demand did not override the consumer's rights under Section 1692g to seek validation of the debt." *Id.* at 86. The court explained that the debt collector "could have both sought immediate payment and complied with the Act simply by inserting into the text of its letter transitional language that referred the addressee to the validation notice." *Id*.

The majority of cases in which courts in this circuit have found a statement in a collection letter to "overshadow" the validation notice involve demands for *immediate* payment as in *Savino,* which are the facts of this case. *See Rumpler v. Phillips & Cohen Assoc., Ltd.*, 219 F.Supp.2d 251, 259 (E.D.N.Y. 2002) (collecting cases). As noted

4

above, in *Savino,* the Second Circuit affirmed the district court's grant of summary judgment in favor of the consumer, finding that the request for immediate payment violated section 1692g where there was no "transitional language" explaining that its demand did not override the consumer's statutory rights. 164 F.3d at 85-86. Courts have consistently ruled in favor of plaintiffs where the collection agency demanded payment "immediately" or "at once" without such transitional language. In *Sokolski v. Tran Union Corp.*, 53 F.Supp.2d 307 (E.D.N.Y. 1999), the district court found that a collection letter demanding payment "at once" overshadowed the validation notice, concluding that it made no difference that the validation notice appeared on the front of the letter as opposed to appearing on the back as in *Savino*. *Id*. at 314. The court stated that "[t]he consumer is being told to act immediately ... while at the same time being told that he has thirty days in which to obtain information regarding the validity of the debt." *Id*. Similarly, in *Unger v. National Revenue Group, Ltd.*, No. 99 civ. 3087(JG), 2000 WL 1897346 (E.D.N.Y. Dec. 8, 2000), the court found language in a collection later stating that "payment in full is due now," without the kind of transitional language required by *Savino,* "overshadowed" the validation notice. *Id.* at *3.

Courts have thus interpreted *Savino* to mean that "an immediate demand for payment must be paired with 'transitional language' that might inform the consumer of the statement of her rights in the validation notice." *Swift v. Maximus,* No. 04 Civ. 216(JBW), 2004 WL 1576618, *4 (E.D.N.Y. July 15, 2004). There is no such transitional language present in the Defendants' letter.

5

Frequently, collectors demanding immediate payment come right out and say, "PAYMENT DUE IMMEDIATELY" or words to that effect. *See e.g.*, *Arambaru v. Healthcare Financial Services*, No. 02-CV-6535(ARR), 2005 WL 990995 (E.D.N.Y. April 14, 2005). But courts have held that even when collectors attempt to find other, more roundabout language by which to demand payment within the thirty-day validation period, they still violate the FDCPA. For example, in the Seventh Circuit case of *Chauncey v. JDR Recovery Corporation*, 118 F.3d 516 (7th Cir. 1997), the defendant-debt collector warned that "Unless we receive a check or money order for the balance, in full, within thirty (30) days from receipt of this letter, a decision to pursue other avenues to collect the amount due will be made." *Id*. at 518. The defendant argued that the letter contained no contradiction because the plaintiff was given the same amount of time to pay as to contest the debt (*i.e.*, "within thirty (30) days"). The Seventh Circuit disagreed: "But the letter required that plaintiff's payment be *received* within the 30-day period, thus requiring plaintiff to mail the payment prior to the thirtieth day to comply." *Id*. at 519 (emphasis in original).

*Chauncey* has been followed in this district. In a 2004 decision in *Swift v. Maximus*, No. 04 Civ. 216(JBW), 2004 WL 1576618 (E.D.N.Y. July 15, 2004), Senior District Judge Jack B. Weinstein held that a letter demanding payment within thirty days of the date of the initial letter to avoid further collection activities violated the FDCPA by, *inter alia*, demanding "that payment be *received* within thirty days…." In Judge Weinstein's words, "Even the least-sophisticated consumer would calculate that payment must be mailed in advance of a deadline in order to be received by that deadline." *Id*. at

6

\*4 (*citing Chauncey*, 118 F.3d at 519). Because "the consumer holds a notice that demands payment from less than thirty days from when she received the letter, and she calculates that payment must be mailed several days before the deadline…[t]he letter's demand for payment takes on a quality of 'immediateness.'" *Id*.

Here, Defendants' demand for payment has the same "quality of 'immediateness'":

> Subject to the above, your payment, made payable to our client, is due at this office thirty (30) days from your receipt of this letter. If you are unable to pay the balance in full, you may contact this office and discuss a payment plan.

Defendants are advising that a check, or other negotiable instrument, "made payable to our client, is due at" Defendants' office on Long Island within thirty days of Plaintiff's receipt of the letter. In the alternative, if Plaintiff is "unable to pay the balance in full," he "may contact this office and discuss a payment plan." Thus, Plaintiff has only one real option: send a check in such a manner that Defendant *receives* "the balance in full" within the thirty-day validation period. Although Defendants might also be willing to "discuss a payment plan," the payment plan is only an option if payment cannot be made in full within the thirty-day period. And in any event, any payment plan would presumably have to be entered into within the same period.

7

**II. Defendants' use of the term "Subject to the above" is vague and ambiguous, and does not apprise Plaintiff that, even though payment is demanded within the thirty-day validation period, he still has the right to dispute the debt instead of immediately paying, thereby stopping all collection efforts until Defendants have validated the alleged debt**

Although a validation notice is included in Defendants' letter, there is no transitional language accompanying the demand and explaining that it does not override the consumer's rights under section 1962g to seek validation of the debt. Under *Savino*, Defendants could have included transitional language to explain that their demand for immediate payment does not override the consumer's rights under Section 1692g to seek validation of the debt. *Id*. at 86. For example, Defendants could have added one of the following paragraphs suggested by the Second Circuit in *Savino*:

> Although we have requested that you make immediate payment or provide a valid reason for nonpayment, you still have the right to make a written request, within thirty days of your receipt of this notice, for more information about the debt. Your rights are described on the reverse side of this notice.

> Our demand for immediate payment does not eliminate your right to dispute this debt within thirty days of receipt of this notice. If you choose to do so, we are required by law to cease our collection efforts until we have mailed that information to you. Your rights are described on the reverse side of this notice.

*Savino*, 164 F.3d at 86.

No such language appears in Defendants' letter. Moreover, transition language also appears in the other case Defendants rely upon, *Jacobson v. Healthcare Financial Services, Inc.*, 434 F.Supp.2d 133 (E.D.N.Y. 2006). In *Jacobson*, the debt collection letter contained language that, while not as well-crafted as the transitional language

8

suggested by the Second Circuit in *Savino*, sufficiently advised the consumer that if he disputed the alleged debt within the thirty-day validation period, he would not have to make immediate payment. That language, "If your payment or notice of dispute is not received in this office within 30 days, we shall recommend further action…," does not conflict with the statute because the defendant also gave the consumer notice of his right to dispute the claim *as an alternative* to paying the debt in full. *Id*. at 140.

But here, as in *Chauncey* and *Swift*, and not as in *Jacobson*, the letter says that Defendants must receive Plaintiff's payment within the thirty-day validation period – Defendants do not give Plaintiff the option of paying or disputing. Whether Plaintiff still has the right to dispute is unclear, at best. And Defendants certainly give no indication – through their use of the introductory phrase, "Subject to the above" – that if Plaintiff disputes the debt, all collection efforts must cease until Defendant has validated the debt.

## Conclusion

In sum, Defendants' letter violated § 1692g by contradicting the validation notice in a manner that would confuse the least sophisticated consumer as to his or her rights. It is respectfully requested that Defendants' motion to dismiss for failure to state a claim be denied.

Dated:   New York, New York
         September 27, 2006

                                        Respectfully submitted,

                                        /s/ Brian L. Bromberg_____
                                        Brian L. Bromberg (BB: 6264)
                                        One of Plaintiff's Attorneys

9

<u>Attorneys for Plaintiff</u>
Brian L. Bromberg (BB:6264)
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

Lance A. Raphael (LR: 3625)
Stacy M. Bardo (SB: 4426)
180 West Washington, Suite 700
Chicago, IL 60602
(312) 782-5808

# Exhibit A

# LAW OFFICE OF
## JEFFREY G. LERMAN, P.C.

THE BENCHMARK BUILDING • 170 Old Country Road - Suite 600 • Mineola, New York 11501

TEL (516) 742-9282 • FAX (516) 742-4105 • e-mail: jlerman@lawyers.com

August 19, 2005

Mr. James Meselsohn
2775 E 12th St Apt 317
Brooklyn, New York 11235

Re: Our Client      : Park Slope Emergency
    Patient         : James Meselsohn
    Account Number  : 00401947521
    Date of Treatment : 03/03/05
    Original Fee    : $176.00
    Balance         : $176.00

Dear Mr. Meselsohn:

Please be advised that your above referenced past due account has been referred to this office for collection.

You have thirty (30) days after receiving this notice to dispute the validity of the debt or any portion thereof. Without said notification, we will assume the debt is valid. If you dispute the debt, or any portion thereof, in writing within the thirty (30) day period, this office will obtain verification of the debt and mail you a copy of same. Upon your written request within the thirty (30) day period, we will provide the name and address of the original creditor if different from the current creditor.

Subject to the above, your payment, made payable to our client, is due at this office thirty (30) days from your receipt of this letter. If you are unable to pay the balance in full, you may contact this office and discuss a payment plan.

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose.

Thank you for giving this matter your attention.

Very truly yours,

Jeffrey G. Lerman, Esq.

**Certificate of Service**

I, Brian Bromberg, an attorney, hereby certify that on September 27, 2006, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Kevin Schlosser, Esq.

Robert C. Angelillo, Esq.

Dated: New York, New York
September 27, 2006

/s/ Brian L. Bromberg_____
Brian L. Bromberg

Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005