UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAMES C. MESELSOHN, on behalf of himself
and all others similarly situated,

Plaintiff,

        - against -              Case No. Civ. 06-4115
                                     (ADS) (AKT)

JEFFREY G. LERMAN and JEFFREY G.
LERMAN, P.C.

Defendants.
-----------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW**
**<u>IN SUPPORT OF MOTION TO DISMISS</u>**

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
Attorney for Defendants
1505 Kellum Place - P.O. Box 803
Mineola, New York  11501-0803
(516) 741-6565

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

TABLE OF AUTHORITIES…………………………………………………….…..ii

Preliminary Statement……………………………………………………….……1

ARGUMENT………………………………………………………………………...2

      PLAINTIFF HAS FAILED TO SUBSTANTIATE HIS BASELESS
      CLAIM THAT THE LETTER OVERSHADOWS THE FDCPA NOTICE……...2

CONCLUSION………..……………………………………………………………...6

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>Cases</u>

*Franceschi v. Mautner-Glick Corp.*, 22 F. Supp. 2d 250 (S.D.N.Y. 1998) ........................ 2

*Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP,* 217 F.Supp.2d
    336 (E.D.N.Y. 2002) (Spatt, U.S.D.J.) ............................................................. 6

*Rumpler v. Phillips & Cohen Assoc., Ltd.*, 219 F.Supp.2d 251
    (E.D.N.Y. 2002)........................................................................................... 3, 4

*Savino v. Computer Credit, Inc.*, 164 F.3d 81 (2d Cir. 1998) ............................... 3

*Swift v. Maximus*, 2004 WL 1576618 (E.D.N.Y. July 15, 2004).................................... 4, 5

<u>Rules</u>

15 U.S.C. § 1692(a)(6)(F)(iii) ........................................................................... 2

FDCPA ................................................................................... 1, 2, 3, 4, 5, 6

## Preliminary Statement

Defendants Jeffrey G. Lerman and Jeffrey G. Lerman, P.C. ("Lerman") respectfully submit this memorandum of law in reply to the memorandum in opposition to defendants' motion to dismiss complaint filed by plaintiff and in further support of Lerman's motion to dismiss.  Plaintiff's so-called "opposition" memorandum simply confirms that plaintiff never had any basis to institute this action.   Plaintiff's memorandum consists primarily of boilerplate statements concerning the FDCPA, citing cases from both outside of this jurisdiction and within, which have nothing to do with the facts of this case.  Throughout plaintiff's memorandum, plaintiff's counsel repeatedly refers to collection letters that demanded payment "immediately," "at once," or at various other times within or before the statutory 30 days, upon threat of adverse consequences. While these references and the corresponding cases may have some bearing on other cases handled by plaintiff's attorney, they do not apply to this case -- where the Letter (1) makes no "demand" for payment; (2) nowhere even suggests that "immediate payment" is required; (3) merely states that payment is due 30 days from "receipt" of the Letter; (4) makes clear that any payment is "subject to" the 30 day validation notice immediately preceding; and (5) makes no threats whatsoever if payment is not made when due.  Under these circumstances, we respectfully submit that there is no question that this Letter conforms in all respects to the FDCPA.

## ARGUMENT

### PLAINTIFF HAS FAILED TO SUBSTANTIATE HIS BASELESS CLAIM THAT THE LETTER OVERSHADOWS THE FDCPA NOTICE

In his memorandum in opposition, plaintiff incorrectly asserts, repeatedly, that the Letter purportedly "demands payment within" the 30-day validation period. See Plaintiff's Memorandum at pp. 3, 6, 7 and 9. Plaintiff also repeatedly cites cases wherein the debt collector demanded "immediate payment" -- notwithstanding the 30-day notice. See Plaintiff's Memorandum at pp. 4 (*Savino*), 5 (*Sokolski* & *Unger*) & 6 (*Arambaru*). Plaintiff's incorrect assertion that the Letter here demands payment "immediately," "at once" or even "within 30 days" is a complete mischaracterization of the plain language of the Letter.

As clearly set forth in the Letter, the 30-day validation notice required by the FDCPA is meticulously and unmistakenly set forth in the Letter, in strict compliance with the statute -- verbatim. Contrary to plaintiff's assertions, the Letter in fact does not even "demand" payment. It merely states when payment "is due." As to setting the due date, it should be noted that even before the matter was sent to Lerman by his client for collection, the debt was actually *past due* because only past due debts are subject to the FDCPA. *See* 15 U.S.C. § 1692(a)(6)(F)(iii); *Franceschi v. Mautner-Glick Corp.*, 22 F. Supp. 2d 250, 254 (S.D.N.Y. 1998) (finding that a landlord and management agent were not "debt collectors" under the meaning of the FDCPA, since they obtained the right to collect tenant's rent before it became overdue). Thus, by advising the debtor that payment "was due" 30 days "after receipt of the Letter," Lerman was in fact giving the

debtor even more time than the actual "due date" of the underlying debt.  This obviously did not "demand payment" *before* the 30 day notice expired; nor did it in any way demand "immediate" payment.

Plaintiff has not cited a single case that has ever ruled that a collection letter that clearly and unmistakenly tracks the precise language of the FDCPA, as this Letter does, somehow violates the FDCPA by stating that payment is due 30 days from *receipt of the Letter*.  In fact, the prevailing cases -- including those cases inexplicably relied upon by plaintiff in his Memorandum -- conclusively support Lerman's motion to dismiss.

In *Savino v. Computer Credit, Inc.*, 164 F.3d 81 (2d Cir. 1998), for example, unlike the Letter here, the collection letter "demanded immediate payment or a valid reason for your failure to make payment."  The Second Circuit found that it was a violation of the FDCPA "to ask for immediate payment without also explaining that [the] demand did not override the consumer's rights under Section 1962g to seek validation of the debt."  *Id.* at 86.  Here, of course, there is absolutely no demand for "immediate payment" at all.  Moreover, unlike in *Savino*, the Letter here clearly states that the due date is "subject to" the 30-day validation notice immediately preceding it.  Thus, *Savino* provides no support for plaintiff's position.

Plaintiff's reliance upon *Rumpler v. Phillips & Cohen Assoc., Ltd.*, 219 F.Supp.2d 251 (E.D.N.Y. 2002) is equally perplexing.  In *Rumpler*, the court granted summary judgment *to the defendant debt collector*, rejecting plaintiff's argument that language in the letter overshadowed the validation notice.  *Id.* at 258.  The court distinguished a number of cases wherein the debt collector actually demanded payment "immediately,"

3

"within the next ten days," "in seven days," and "at once." *Id.* at 259. The court concluded: "At bottom, the Letter 'makes no demand for immediate payment; it establishes no deadline which arguably could have confused the consumer as to the 30-day dispute period; and it does not make threats which may cause a consumer to misunderstand or ignore his statutory rights.'" *Id.* at 259 (quoting District of Connecticut decision). For precisely the same reasons, the Letter here does not in any way "overshadow" the 30-notice. It does not demand immediate payment, it establishes no deadline in a confusing way -- less than the 30 days provided -- and it certainly does not make any threats at all.

Plaintiff's citation to *Swift v. Maximus*, 2004 WL 1576618 (E.D.N.Y. July 15, 2004) is also mind-boggling. In fact, the reasoning of the court in *Swift* makes crystal clear that the Letter here fully complies with the FDCPA. In *Swift*, Judge Weinstein did deny the defendant's motion for summary judgment, but, unlike here, the letter there declared: "Payment in full of this debt must be received within 30 days after the *date of this notice*" -- rather than from "*receipt* of the notice" -- as this Letter does. 2004 WL 1576618*3 (emphasis added). The letter in S*wift* also went on and stated that payment must be made by such time "to avoid further collection activities." *Id.* The letter there also advised the debtor that he would "suffer adverse consequences if payment was not forthcoming." 2004 WL 1576618*5. The court noted: "Although the FDCPA allows consumers thirty days from the *receipt* of a notice to dispute the debt, defendant demands payment thirty days from the date of the notice." 2004 WL 1576618*4 (emphasis original). The court further explained: "First, the consumer is told-upon threat of adverse

consequences-that the debt collector must *receive* payment in full within thirty days from the *date* of the notice. Second, the reverse side of the letter informs the consumer that she has thirty days from her *receipt* of the letter to dispute the claim. The messages are contradictory and arguably confusing under a least-sophisticated consumer standard." 2004 WL 1576618*3 (emphasis original).  The court therefore found that by threatening the debtor with adverse consequences if she did not pay before the 30-days expired, the Letter might confuse the debtor into believing that payment had to be received *before* the required 30-day deadline.

Of course, applying the same reasoning here to this Letter confirms precisely why the Letter complies fully with the FDCPA.  Here, the Letter does not state that payment is due 30 days from *the date of the Letter*, but rather, 30 days from "your receipt of this letter."  Obviously, this complies fully and completely with the FDCPA.  Moreover, unlike in S*wift*, the Letter here does not threaten *any* consequences if the debtor does not pay on the stated due date.  It merely gently advises the debtor:  "If you are unable to pay the balance in full, you may contact this office and discuss a payment plan."  There is absolutely no threat of any kind contained in the Letter, let alone a mention of any adverse consequences if payment is not made.  Nor is there any request for payment *before* the 30-day period.

As is readily apparent, therefore, plaintiff has not offered a single case on point that in any way supports his baseless claim that the Letter "overshadows" the explicit validation notice contained therein.

Finally, plaintiff's last argument that the Letter somehow overshadows the 30-day validation notice by advising the debtor that the due date is "subject to" the 30-day validation notice makes no sense at all.  As fully detailed above, even without this salutary language contained in the Letter, notifying the debtor that payment is due 30 days from *receipt* of the Letter fully complies with the FDCPA.  Obviously, adding that the due date is "subject to" the 30-day validation notice provided immediately preceding that sentence does not create a violation of the FDCPA, as plaintiff baselessly argues.  This language is in fact simply another reason why there is no "overshadowing" of the 30-day notice.

Under these circumstances, there is absolutely nothing to indicate that the 30-day notice properly set forth in the Letter was ever rendered unintelligible or confusing in any way.

## **CONCLUSION**

For all of the foregoing reasons and as further set forth in the moving papers, plaintiff has provided absolutely no basis for any claim under the FDCPA.  Indeed, we respectfully submit that if this Letter were found to violate the FDCPA, it is inconceivable that any letter would ever comply with the statute.  Plaintiff's counsel is clearly seeking to turn a law that was designed to address "abusive, harassing, threatening, misleading and otherwise unscrupulous debt collection practices," *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP,* 217 F.Supp.2d 336, 338 (E.D.N.Y. 2002) (Spatt, U.S.D.J.), into a windfall for attorneys fees.  We respectfully request that the Court reject this improper attempt to exploit the salutary and beneficial aspects of the

statute. Thus, we request that the Court dismiss this complaint in its entirety with prejudice.

Dated:  Mineola, New York
        October 4, 2006

                                MEYER, SUOZZI, ENGLISH & KLEIN, P.C.


                                By:  /s/ Kevin Schlosser
                                     Kevin Schlosser (KS 7406)
                                Attorneys for Defendants
                                1505 Kellum Place
                                P.O. Box 803
                                Mineola, New York 11501-0803
                                (516) 741-6565
                                kschlosser@msek.com

577477

7