UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES C. MESELSOHN, on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) ) v. ) ) ) JEFFREY G. LERMAN and JEFFREY G. LERMAN, P.C., ) ) ) Defendants. ) | No. 06-CV-4115 (AKT) CLASS ACTION |

## FINAL APPROVAL ORDER AND JUDGMENT

This matter comes before the Court on the joint request of Plaintiff James C. Meselsohn and a class of Persons similarly situated (collectively "Plaintiffs" or "Class Members") and Defendants for final approval of the Class Action Settlement Agreement and Release (the "Agreement"), dated April 5, 2008. Based upon Plaintiffs' counsel's certification in support of final approval and in support of their application for fees, the Court finds that:

A. The total number of Class Members is 2,384.

B. Notice was sent by first class mail to 81,755 persons at their last known mailing address using Accessible Contact Information.

C. The United States Postal Service returned 28,228 Notices to the Settlement Administrator, First Class, Inc., as undeliverable. First Class Inc. verified the accuracy of class member contact information by processing the

addresses through the United States Postal Service's Coding Accuracy Support System and National Change of Address database before mailing.

D.  A total of 0 Class Members objected to the Settlement.

E.  Zero Class members chose to opt-out of the Settlement, which is less than the maximum of 15 opt-outs allowable under the Agreement, or Defendants have otherwise agreed to the settlement notwithstanding the number of opt-outs.

F.  A total of 2,384 Class Members timely returned a claim form for a *pro rata* cash payment from the $48,000.00 fund. Each Class Member will receive $20.13. *In addition, the Court has GRANTED Plaintiffs' motion, with consent of Defendants, to include three late filing claimants as Class Members covered by this settlement.*

The Court being duly advised, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS: *AKT See Electronic Order of 9/17/09.*

1.  Definitions. For the purposes of this Judgment and Order of Dismissal (the "Judgment"), the Court adopts by reference the definitions set forth in the Definitions section of the Agreement dated as of April 5, 2008, and attached as Exhibit "A" to the Parties' Joint Motion for Preliminary Approval.

2.  Notice. The Court finds that the distribution of the Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

2

3.  <u>Final Approval</u>.  The Court finds that the Settlement is fair, reasonable, and adequate, and accordingly, the Court approves the Class as certified for settlement purposes and approves the Settlement, directing that the Parties implement it, as follows:

A.  The Parties are directed to implement the settlement in accordance with its terms.  Payment of $3,000.00 shall be made to James C. Meselsohn, the Class Representative.  Payment of the $48,000.00 settlement fund is to be made on a *pro rata* basis to all Class Members by issuing separate settlement checks to each of the 2,384 Class Members who timely returned properly completed claim forms.  Settlement checks to the Class Members shall expire 90 days from the date they are issued and notice of such expiration shall appear on the face of the checks.  To the extent that there are any funds from un-cashed, expired Settlement Checks, an amount equal to the amount of such un-cashed checks will be paid over as a *cy pres* award to Class Counsel to be distributed to the Legal Services Of New York City - Homeowner Defense Project.

B.  The Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against Released Parties.

C.  The Parties are to bear their own costs, except as otherwise provided in the Agreement.

D.  The Class Representative and all Class Members are hereby deemed to have and by operation of law shall have, fully, finally, and forever released and discharged all Released Claims against each and all of the Released Parties.

E. Nothing herein shall alter, amend, or terminate the right of Defendants and their clients to collect any balance (including, but not limited to, principal, interest, attorneys' fees, and other costs and charges) allegedly owed by any Settlement Class Member, for any debt. Nothing herein shall otherwise release or discharge (1) any legally enforceable claim which any or all of Defendants and their clients may have against any Class Member or any other person or entity; or (2) any legally enforceable lien which any or all of Defendants and their clients may have against any or all Class Members or any other person or entity. Nothing herein shall otherwise void or abrogate the contractual obligations of any Settlement Class Member nor impair or limit any right or cause of action by the Class Representative or the Class to dispute the underlying debt or amount owed to Defendants.

4. <u>Injunction</u>. The Court bars and permanently enjoins all Class Members and their Related Parties from instituting or prosecuting any action or proceeding, whether class or individual, against Defendants for liability in any way related to, arising out of, or based upon the Released Claims.

5. <u>Defendants' Denial of Liability</u>. The Court notes that Defendants have vigorously denied and continue to deny any liability to Plaintiff or to the Class for any matter whatsoever and have maintained that, as a matter of law, the subject letter is presumptively valid because it tracks the language of the FDCPA; and Defendants have further asserted numerous affirmative defenses. Without conceding any infirmity in their defenses, and while continuing to deny all

4

allegations of liability, Defendants consider it desirable that the Action be dismissed and that the claims against Defendants be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendants arising from the acts, transactions, or occurrences alleged in the Action.

6. <u>Jurisdiction</u>. The Court finds that it has jurisdiction over the subject matter of the Action, the Class Representative, the other Class Members and Defendants. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Agreement or Judgment.

7. <u>Attorneys' Fees</u>. After reviewing Class Counsel's certification for fees and in support of final approval, the Court awards to Class Counsel Attorneys' Fees and costs in the total amount of $34,000.00 at their current hourly rate.

8. <u>Timing of Payments or Consideration</u>. No later than 14 days after this Judgment and Order of Dismissal With Prejudice becomes Final, as defined by paragraph 13 of the Agreement, (a) the $48,000.00 class settlement fund must be paid to the Settlement Administrator, (b) Class Counsel Attorneys' Fees and costs in the total amount of $34,000.00 must be paid to "Brian L. Bromberg, as attorney," and (c) Defendants must pay $3,000.00 to Plaintiff by check made payable to "James C. Meslsohn" and delivered to the Bromberg Law Office, P.C.

9. Compliance with Class Action Fairness Act. Within 10 days of filing the proposed settlement with the Clerk of the Court, defendants complied with the mandates of 28 U.S.C. 1715.

10. Entry of Judgment. There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith.

SO ORDERED this 30th day of September, 2009.

_____
A. Kathleen Tomlinson, U.S.M.J.

6

644160